```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MELISSA CAIN,**

      **Plaintiff,**

**v.**                     **//   CIVIL ACTION NO. 5:07CV117**
                                         **(Judge Keeley)**

**CVS PHARMACY, INC., CVS OF WEST**
**VIRGINIA, INC., GARY SCHWARTZ**
**and WILLIAM YOUNG,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO REMAND

      The question before this Court is whether the defendant, William Young ("Young") was fraudulently joined as a defendant in this case. It is undisputed that the Plaintiff, Melissa Cain ("Cain"), and Young are West Virginia citizens, and that all other defendants in this case are citizens of states other than West Virginia. If Cain did fraudulently join Young, this Court may exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. If Young was not fraudulently joined, however, then this Court must remand the case to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447. For the reasons that follow, this Court concludes that Young was not fraudulently joined. Consequently, the Court **GRANTS** Plaintiff's Motion to Remand, **REMANDS** this case to the Circuit Court of Marshall County,

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

West Virginia, and **DENIES AS MOOT** Defendant's Motion for Summary Judgment.

**Background**

This lawsuit was filed in the Circuit Court of Marshall County, West Virginia on March 28, 2007. Cain alleges that she was wrongfully terminated by Defendants CVS Pharmacy, Inc. and Hook SupeRx, L.L.C. (collectively "CVS") in violation of the West Virginia Human Rights Act, W.Va. Code § 5-11-1 et seq., (the "WVHRA"). Specifically, Cain alleges that she was discharged because of her pregnancy and the subsequent birth of her child. Young was Cain's co-worker who purportedly was involved in the unlawful decision to discharge her. She alleges claims of retaliatory discharge, promissory estoppel, outrage, gender-plus discrimination and pregnancy discrimination against CVS, and alleges that the other defendants aided, abetted, incited, compelled, or coerced CVS' alleged illegal acts.[1] The defendants have not filed an answer but, instead, have filed a motion for partial summary judgment.[2]

---

[1] Plaintiff originally sued "Gary Schwartz" and "CVS of West Virginia, Inc." but later determined that "Gary Swart" and "Hook-SupeRx, L.L.C." were the proper names of those defendants.

[2] The Court notes that, in accordance with L. R. Civ. P. 16.01, a motion for summary judgment may not be filed before the Court

**CAIN, v. CVS PHARMACY, INC., ET AL.**                         5:07CV117

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

The defendants removed the case on September 14, 2007 and, pursuant to 28 U.S.C. § 1447, on September 20, 2007, Cain filed a motion to remand (dkt. no. 7). On October 3, 2007, the defendants filed a motion for partial summary judgment (dkt. no. 9) and also responded to Cain's motion to remand. The issues, therefore, are ripe for decision.

## **Analysis**

**A.  Plaintiff's Motion to Remand**

*1. Legal Standard*

A federal court must remand a case removed from state court whenever it becomes apparent that it lacks subject matter jurisdiction. 28 U.S.C. § 1447 (2007). A federal district court has diversity jurisdiction over a case if it arises between the citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

When there is not complete diversity of parties, a district court may still exercise subject matter jurisdiction over a case if there has been fraudulent joinder of a non-diverse party. In order to demonstrate fraudulent joinder, the removing party must provide evidence either of "outright fraud in the plaintiff's pleading of

---

holds a scheduling conference.

jurisdictional facts" or that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court."[3] Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). The party alleging fraudulent joinder bears a heavy burden-it must show that a plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. Id. The fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Id. "Once the Court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends," and remand is required. Id. Furthermore, the district court must resolve any uncertainties as to the current state of controlling law in favor of the plaintiff. Id.

*2. Analysis*

As noted, in order to prevail on fraudulent joinder, the defendants must show either (1) that the cause of action Cain has asserted against Young is not cognizable in West Virginia or (2) that there is no "glimmer of hope" that Cain could prove any set of

---

[3] In this case, the defendants have not alleged outright fraud in the Cain's pleading of jurisdictional facts. Therefore, the Court will limit its analysis to the second prong of Hartley.

4

facts to support that claim. The West Virginia Human Rights Act forbids any employer from discriminating on the basis of "race, religion, color, national origin, ancestry, sex, age, blindness, or disability." W.Va. Code § 5-11-9. Furthermore, the West Virginia Supreme Court of Appeals has held that pregnancy discrimination is a violation of the WVHRA. Syl. Pt. 2, Dept. of Natural Resources v. Myers, 443 S.E.2d 229 (W.Va. 1994).[4]

Examining West Virginia law in the light most favorable to Cain, it is clear that a cause of action exists in West Virginia against individuals under the Human Rights Act. See, e.g., Syl. Pt. 4, Holstein v. Normandex, Inc., 461 S.E.2d 473 (W.Va. 1995). Moreover, any person, whether or not that person has decision-making or supervisory authority, can be liable under the West Virginia Human Rights Act if that person "aid[s], abet[s], incite[s], compel[s], or coerce[s] any person to engage in any of the unlawful discriminatory practices defined in [the Act]." W.Va. Code § 5-11-9. Therefore, viewing the law in the light most favorable to Cain, she has asserted a viable cause of action against Young.

---

[4]The defendants concede that the causes of action alleged by Cain against Young are cognizable claims under West Virginia law. The defendants focus their attack on proving that there is no set of facts which Cain could assert to support those claims.

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Based upon Cain's deposition of August 22, 2007, the defendants contend that she admitted she had no cause of action against Young. For this reason, therefore, they resist Cain's motion to remand and have attached excerpts from Cain's deposition and affidavits from other individuals, including Young, to support their argument.[5]

An examination of the defendants' assertions and a review of the entirety of the record in the light most favorable to Cain establishes that the defendants have failed to carry their heavy burden to show that there is no "glimmer of hope" that Cain could prove any set of facts to support her claims against Young.

Consequently, this Court finds that William Young was not fraudulently joined as a defendant. Because Cain and Young are both citizens of West Virginia, this Court lacks subject matter jurisdiction over this case. This Court **GRANTS** Plaintiff's Motion to Remand (dkt. no. 7) and **REMANDS** this case to the Circuit Court of Marshall County, West Virginia for further proceedings. The Court also **DENIES AS MOOT** Defendants' Motion for Summary Judgment (dkt. no. 9).

---

[5]The Court notes that these other individuals have not yet been deposed and that discovery is ongoing in this litigation.

**CAIN, v. CVS PHARMACY, INC., ET AL.**                            5:07CV117

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: October 30, 2007.

                                        /s/ Irene. M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE